IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STACY OREE and BRIAN OREE,<br>  Plaintiffs,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC,<br>CAMPUS CREST AT TROY, LLC,<br>Fictitious Defendants "A", "B", "C",<br>"D", "E", "F", "G", "H", "I", and "J",<br>persons, corporations, firms or other<br>entities whose wrongful conduct<br>caused the injuries and damages to the<br>Plaintiffs, all of whose true and correct<br>names are unknown to the Plaintiffs at<br>this time, but will be added by<br>amendment when ascertained;<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO: 2:11-cv-212-MHT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Stacy ORee and Brian ORee, by and through undersigned counsel, file this Complaint against Campus Crest at Troy, LLC, National Credit Systems, Inc., and fictitious defendants whose actions and wrongful conduct caused the injuries, violations, and damages, and states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331, 28 U.S.C. § 1337, and pursuant to 15 U.S.C., §1692k(d) and 15 U.S.C. § 1640 (e).

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C., §1692 *et seq.* ("FDCPA"), the Alabama Deceptive Trade Practices Act, Alabama Code 1975, §8-19-1, *et. seq.* ("ADTPA"), the Truth In Lending Act, 15 U.S.C. § 1601, *et. seq.* (hereinafter "TILA"), state common law causes of actions by these Defendants, jointly and severally, in their illegal efforts to collect a consumer debt, and state law violations of the Uniform Residential Landlord and Tenant Act.

3. Venue is proper in this District because the acts and transactions occurred here and the Defendants transact business here.

## PARTIES

4. Plaintiff Stacey ORee ("Stacey ORee") is a natural person and father of Brian ORee who resides in the City of Phenix City, County of Russell, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C., §1692a(3).

5. Plaintiff Brian ORee ("Brian ORee") is a natural person and son of Stacey ORee who resides in the City of Phenix City, County of Russell, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C., §1692a(3).

6. Defendant Campus Crest at Troy LLC ("Campus Crest"), is a corporation with its principal place of business in the State of North Carolina and, based on information and belief, doing business in this Judicial District which included regularly extending or offered to extend consumer credit for which a finance charge is or may be imposed by written agreement, is payable in four equal installments, and is the person or entity to whom the transaction is the subject of the action is initially payable, making defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

7.  Defendant National Credit Systems, Inc., is a corporation with its principal place of business in the State of Georgia and, based on information and belief, engages in the business of debt collection and is a "debt collector" as that term is defined by 15 U.S.C., §1692a(6) conducting regular, systematic business in this Judicial District.

8.  Fictitious Defendants "A", "B", "C", "D", "E", "F", "G", "H", "I", and "J", are persons, corporations, firms or other entities whose wrongful conduct caused the injuries, violations, and damages to the Plaintiffs, all of whose true and correct names are unknown to the Plaintiffs at this time, but will be added by amendment when ascertained.

## FACTUAL ALLEGATIONS

9.  On or about March 30, 2009, and March 31, 2009, the Plaintiffs Brian ORee and Stacy Oree, contracted to rent an apartment with Campus Crest at Troy, LLC, at the apartment community named The Grove at Troy for a lease term beginning August 1, 2009 and ending on July 24, 2010 with a renewal option deadline on December 31, 2009. This written lease agreement, which was executed by the Plaintiffs and Campus Crest at Troy, LLC, provided consumer credit to the ORee's and was payable in more than four equal installments and is a consumer credit transaction within the meaning of TILA 15 U.S.C § 1602 and Regulation Z § 226.2. Campus Crest at Troy, LLC had made such extensions of credit to other consumers more than 25 times during the preceding year or more than five times where such credit was secured by the consumer's residence.

10. A security deposit of $435.00 was paid to the complex to secure the lease. The apartment lease was for Brian Oree to rent a common area in the apartment and a bedroom as well as share the three bedroom, three bath apartment with two other persons.

11. Mr. Stacey ORee personally guaranteed the obligation of his son, Brian Oree, with the Defendant Campus Crest on or about March 30 or 31, 2009.

12. During January, 2010, Brian ORee, who was residing at the apartment while enrolled at Troy University, was not going to be in attendance at Troy University for the next semester. Brian Oree notified the persons in the office at The Grove at Troy/Campus Crest at Troy, LLC, of the same in January, 2010.

13. During February, 2010, after Brian ORee had vacated the premises, he was advised that another tenant had been allowed to relet the room at his former apartment.

14. Mr. Brian ORee nor Mr. Stacey ORee never received a notification as to the breakdown and calculations of the use of the paid security deposit. Only after disputing the debt and requesting a copy of the breakdown of the security deposit from the Defendants was the same provided to the Plaintiffs.

15. The Defendants collected on the entire balance of the debt alleged owed despite not being lawfully entitled to said amounts. The Defendants leased the property the next month after Brian Oree vacated the premises but Defendants failed to give credit to Plaintiffs to be applied and in mitigation of any damages in a scheme to defraud the Plaintiffs and, based on information and belief, others similarly situated.

16. The Plaintiffs paid portions of the amounts alleged to be owed to the Defendants and they were not given credit for said payments in a scheme of defrauding the Plaintiffs.

17. All actions taken by employees, agents, servants, or representatives of any type for the named or fictitiously plead Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

18. Defendants' intentional, reckless and wilful violations of the FDCPA, ADTPA, federal law and state law has proximately caused Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment and humiliation which Plaintiff will in the future continue to suffer.

19. Defendant Campus Crest willfully and in bad faith failed to provide an accounting of the use of the security deposit as required by the Uniform Residential Landlord and Tenant Act, Code of Alabama (1975), §35-9A-101, et seq.

20. Defendant Campus Crest intentionally, wantonly and in bad faith violated the Uniform Residential Landlord and Tenant Act by their actions and failure to notify the Plaintiffs of the accounting of the security deposit, by seeking amounts for rents that are not due, and other acts of bad faith causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment and humiliation which they will continue to suffer in the future.

21. Defendants' conspired to defraud the Plaintiffs of amounts that were not owed causing injuries to the Plaintiffs by providing false and misrepresented documents purportedly for verification of the obligation.

22. Defendants' actions constitute a pattern and practice of fraud, deceit and misrepresentation in handling the account and lease of Plaintiffs and others similarly situated to the Plaintiffs.

23. Defendants' actions were negligent, wanton, reckless and in bad faith causing damages to the Plaintiffs.

24. The written, executed lease agreement stated that the "Total Rent" is due in the amount of $5,460.00 and that the "Periodic Rental Payments" are due on a twelve month payment schedule on the 1st day of each month during the term of the lease agreement.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
AGAINST NATIONAL CREDIT SYSTEMS, INC.**

25. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set

forth fully herein.

26. The Defendant National Credit in this action fraudulently, improperly, and illegally attempted to collect on an amount that is not owed by Plaintiffs.

27. The Defendants' actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. ,§§1692d, 1692e, and 1692f, amongst others.

28. As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A. For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., §1692k(a)(1);

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C., §1692k(a)(3); and

D. Any further and different relief as allowed by law.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST NATIONAL CREDIT SYSTEMS, INC.

29. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

30. The Defendants' actions as described herein constitute violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C., §§1692d, 1692e, 1692f, and 1692i, amongst others.

31. As a result of Defendants', whether named or fictitiously described, violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C., §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C., § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C., §1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A. For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C., § 1692k(a)(1);

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C., §1692k(a)(2)(A);

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C., §1692k(a)(3); and

D. Any further and different relief as allowed by law.

## COUNT III

### VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT AGAINST NATIONAL CREDIT SYSTEMS, INC.

32. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

33. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of service within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3.

34. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-3, *et. seq.*, and in the course of business that is prohibited, unfair, and deceptive.

35. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon representation as being lawful, yet such conduct is prohibited.

36. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, whether named or fictitiously described herein:

    A. For an award of actual damages in an amount to be proven at trial;

    B. For an award of statutory damages;

    C. For an award of costs of litigation and reasonable attorney's fees; and

D.     Any and all other relief allowed by law.

## COUNT IV

### NEGLIGENT, RECKLESS, AND WANTON CONDUCT AGAINST NATIONAL CREDIT SYSTEMS, INC. AND CAMPUS CREST AT TROY, LLC

37.    Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

38.    That the Defendants owed a duty to Plaintiffs to accurately assess correct charges owed for the apartment lease.

39.    That the Defendants breached this duty by failing to properly notify the Plaintiffs of the application of the security deposit, by failing to properly mitigate their damages, and by collecting on amounts not owed by Plaintiffs.

40.    The named and fictitiously plead Defendants' acts, as described herein, were done so negligently, recklessly, wantonly and without care or concern for the well being of the Plaintiffs, and others similarly situated as the Plantiffs.

41.    As a proximate consequence of Defendants' negligence, recklessness, and wanton actions, Plaintiffs and others have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

A.     For actual damages;

B.     For compensatory damages;

    C.     For punitive damages;

    D.     Costs and attorney's fees; and

    E.     Any and all other relief allowed by law.

## COUNT V

### HARASSMENT AGAINST NATIONAL CREDIT SYSTEMS, INC. AND CAMPUS CREST AT TROY, LLC

42. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

43. The named and fictitiously plead Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being. Defendants' harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding Plaintiffs, created a hostile environment for Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the named and fictitiously plead Defendants:

    A.     For actual damages;

    B.     For compensatory damages;

    C.     For punitive damages;

    D.     Costs and attorney's fees; and

    E.     Any and all other relief allowed by law.

## COUNT VI

## DEFENDANTS' MISREPRESENTATION
## AGAINST NATIONAL CREDIT SYSTEMS, INC.
## AND CAMPUS CREST AT TROY, LLC

44. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

45. The named and fictitiously plead Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiffs owe money to the Defendants.

46. Defendants intend that those who review the public records of the Plaintiffs will rely upon the misrepresentations and suppressions of material fact related to the balance owed.

47. Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

48. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiffs have been caused to suffer severe emotional distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney fees, and any other and further relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

    A.    For actual damages;

    B.    For compensatory damages;

    C.    For punitive damages;

    D.    Costs and attorney's fees; and

E.      Any and all other relief allowed by law.

## COUNT VII

### DECLARATORY AND INJUNCTIVE RELIEF
### AGAINST NATIONAL CREDIT SYSTEMS, INC.
### AND CAMPUS CREST AT TROY, LLC

49.     Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

50.     A dispute exists as to whether the named and fictitiously plead Defendants have violated the FDCPA, ADTPA, federal law or state law.

501     Plaintiffs are entitled to declaratory relief in determining that the above referenced federal and state laws have been violated and that the Plaintiffs do not owe the debt that is the basis for this cause.

52.     Plaintiffs are entitled to injunctive relief to enjoin the unlawful acts and the collection on the underlying alleged debt.

53.     Plaintiffs are entitled to injunctive relief to determine that the obligation collected on by Plaintiffs is not owed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, whether named or fictitiously described herein:

A.      Declaring that the FDCPA and the ADTPA have been violated;

B.      Declaring that the Plaintiffs do not owe the underlying debt to NCO Financial Company or Capital One;

C.      Enjoining the Defendants from the unlawful acts and the collection on the underlying alleged debt; and

D. Any and all other relief allowed by law.

## COUNT VIII

## CONSPIRACY

54. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

55. The Defendants violated the law in collecting on debts that were not owed and failed to mitigate damages intentionally against the Plaintiffs.

56. The Defendants assisted in implementing policies, practices, and customs that allow for the misrepresentation, negligent, reckless and wanton collections of unowed obligations be collected on from the Plaintiffs and additional unknown parties and former tenants similarly situated as the Plaintiffs.

57. Defendant National Credit conspired with Campus Crest to pass off undue and unowed obligations as owed and have collected on the same without lawful authority.

58. Said actions violate the aforementioned federal and state laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

A. For actual damages;

B. For compensatory damages;

C. For punitive damages;

D. Costs and attorney's fees; and

E. Any and all other relief allowed by law.

## COUNT IX

### VIOLATION OF THE ALABAMA UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT BY CAMPUS CREST AT TROY, LLC

59. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

60. Defendant Campus Crest violated provisions of the Alabama Uniform Residential Landlord and Tenant Act in their bad faith actions in failing to mitigate damages and are liable to Plaintiffs for injuries because of same.

61. Defendant Campus Crest willfully violated said Act in bad faith and is liable to Plaintiffs for their actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

  A. For actual damages;

  B. For compensatory damages;

  C. For punitive damages;

  D. Costs and attorney's fees; and

  E. Any and all other relief allowed by law.

## COUNT X

### VIOLATION OF THE ALABAMA UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT BY CAMPUS CREST AT TROY, LLC

62. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

63. Defendant Campus Crest violated provisions of the Alabama Uniform Residential Landlord and Tenant Act in failing to provide the breakdown of its use of the security deposit paid by the Plaintiffs.

64. Defendant Campus Crest willfully, purposely, recklessly and in bad faith failed to provide the required notification to the Plaintiffs and are liable to the Plaintiffs for their violations of the Alabama Uniform Residential Landlord and Tenant Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

    A.    For actual damages;

    B.    For compensatory damages;

    C.    For punitive damages;

    D.    Costs and attorney's fees; and

    E.    Any and all other relief allowed by law.

### COUNT XI

### BREACH OF CONTRACT BY CAMPUS CREST AT TROY, LLC

65. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

66. Defendant Campus Crest violated the contract entered into by the Plaintiffs by failing to adequately mitigate their damages as the terms of the lease agreement dictate.

67. This breach of contract has damaged the Plaintiffs as they have been collected on for an amount not owed on by them, that has affected their credit score, has caused them other damages that they are entitled to be compensated for under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

    A.    For actual damages;

    B.    For compensatory damages;

    C.    For punitive damages;

    D.    Costs and attorney's fees; and

    E.    Any and all other relief allowed by law.

## COUNT XII

## TILA VIOLATION BY CAMPUS CREST OF TROY, LLC

68. Plaintiffs incorporate by reference the allegations of all preceding paragraphs as if set forth fully herein.

69. Defendant Campus Crest violated TILA and Regulation Z as the disclosure statement, if any, issued in conjunction with this consumer credit transaction violated the disclosure requirements prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b) and others sections of said regulations.

70. Defendant Campus Crest violated TILA and Regulation Z by failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

71. By reason of said violations the Defendants have damaged the Plaintiffs and are liable to Plaintiffs for actual damages, statutory damages, attorneys fees, costs and other and different relief as allowed by law.

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants, named or fictitiously described therein:

 A. For actual damages;

 B. For statutory damages;

 C. For compensatory damages;

 D. Costs and attorney's fees; and

 E. Any and all other relief allowed by law.

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

/s/ Richard F. Matthews, Jr.
RICHARD F. MATTHEWS, JR.
ASB-0240-D50M
**Attorney for Plaintiffs**
The Anderson Law Firm, LLC
7515 Halcyon Pointe Drive
Montgomery, Alabama 36117
Telephone: 334-272-9880
Facsimile: 334-272-2551
Email: rmatthews@theandersonlawfirm.com

**Please serve the Defendants by certified mail at the following addresses:**

National Credit Systems, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Campus Crest at Troy, LLC
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104